**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

ALLAN JAHN,

    Petitioner,

v.                                  Case No. 11-11421

DEBRA SCUTT,

    Respondent.
_____/

**OPINION AND ORDER DISMISSING WITHOUT PREJUDICE
PETITION FOR WRIT OF HABEAS CORPUS
AND DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY**

On April 5, 2011, Petitioner Allan Jahn filed the pending "Petition for Writ of Habeas Corpus." Petitioner is presently incarcerated at the Parnall Correctional Facility in Jackson, Michigan, and seeks the issuance of a writ of habeas corpus pursuant to 28 U.S.C.§ 2254. In his *pro se* application, Petitioner challenges his conviction for assault with intent to do great bodily harm less than murder, Mich. Comp. Laws § 750.84. For the reasons stated below, the petition will be dismissed without prejudice.

**I. BACKGROUND**

Petitioner pleaded guilty to the above charge in the St. Clair County Circuit Court and was sentenced to a term of imprisonment. Although untimely, Petitioner attempted to appeal his conviction on the ground that he had not been informed of one of the elements of the crime. Specifically, Petitioner argued that he lacked the requisite intent to commit the offense charged. The Michigan Court of Appeals denied the delayed

application for leave to appeal. *People v. Jahn,* No. 297212 (Mich. Ct. App. May 14, 2010), *leave to appeal denied*, 789 N.W.2d 468 (Mich. 2010). Petitioner then petitioned for leave to appeal to the Michigan Supreme Court, adding a claim of ineffective assistance of trial counsel. Leave to appeal was denied. 789 N.W.2d 468. The petition now before this court seeks habeas relief upon both grounds: 1) Petitioner lacked sufficient information to sustain his plea to the offense, and 2) ineffective assistance of trial counsel.

## II. DISCUSSION

The doctrine of exhaustion of state remedies requires state prisoners to fairly present their claims to the state court before raising them in a federal habeas corpus petition. *See* 28 U.S.C. §§ 2254(b)(1)(A) and 2254(c); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). The exhaustion requirement is satisfied if a prisoner "invok[es] one complete round of the State's established appellate review process," including a petition for discretionary review in the state supreme court, "when that review is part of the ordinary appellate review procedure in the State." *O'Sullivan*, 526 U.S. at 845, 847. A habeas petitioner must therefore present his or her issues to the state court of appeals and to the state supreme court. *Wagner v. Smith*, 581 F.3d 410, 414 (6th Cir. 2009) (citing *Hafley v. Sowders*, 902 F.2d 480, 483 (6th Cir. 1990)). "It is the petitioner's burden to prove exhaustion." *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994). "Although the exhaustion doctrine is not a jurisdictional matter . . . it is a threshold question that must be resolved before [courts] reach the merits of any claim." *Wagner*, 581 F.3d at 415 (citations omitted). Therefore, each claim must be reviewed by a federal court for

exhaustion before any claim may be reviewed on the merits by a federal court. *Id.* Federal district courts must dismiss mixed habeas petitions which contain both exhausted and unexhausted claims. 28 U.S.C. § 2254(b)(1)(A),(c); *Pliler v. Ford,* 542 U.S. 225, 230 (2004)(*citing Rose v. Lundy,* 455 U.S. 509, 510, 522 (1982)).

By his own admission, Petitioner raised his claim of ineffective assistance of counsel for the first time only before the Michigan Supreme Court. Raising a claim for the first time before the state courts on discretionary review does not amount to a "fair presentation" of the claim to the state courts for exhaustion purposes. *See Castille v. Peoples*, 489 U.S. 346, 351 (1989). Because Petitioner failed to present his second claim in his appeal with the Michigan Court of Appeals, his subsequent presentation of this claim to the Michigan Supreme Court did not satisfy the exhaustion requirement for habeas purposes. *See Warlick v. Romanowski,* 367 Fed. App'x. 634, 643 (6th Cir. 2010); *Farley v. Lafler,* 193 Fed.App'x. 543, 549 (6th Cir. 2006)*; Schroeder v. Renico,* 156 F. Supp. 2d 838, 844, n. 5 (E.D. Mich. 2001); *Winegar v. Corrections Department*, 435 F. Supp. 285, 288-89 (W.D. Mich. 1977).

The exhaustion doctrine turns upon an inquiry of whether there are available state court procedures for a habeas petitioner to exhaust his claims. *See Adams v. Holland,* 330 F. 3d 398, 401 (6th Cir. 2003). Petitioner has an available state court remedy with which to exhaust his second claim. Exhausting state court remedies in this case requires the filing of a post-conviction motion for relief from judgment under Michigan Court Rule 6.500, *et. seq. See Wagner,* 581 F. 3d at 419; *See also Mikko v. Davis,* 342 F. Supp. 2d 643, 646 (E.D. Mich. 2004). Petitioner could exhaust this claim by filing a post-conviction motion for relief from judgment with the St. Clair County

Circuit Court.  *See* Mich. Ct. Rule 6.502.  A trial court is authorized to appoint counsel for petitioner, seek a response from the prosecutor, expand the record, permit oral argument, and hold an evidentiary hearing.  Mich. Ct. Rules 6.505-6.507, 6.508(B) and (C).  Denial of a motion for relief from judgment is reviewable by the Michigan Court of Appeals and the Michigan Supreme Court upon the filing of an application for leave to appeal.  Mich. Ct. Rules 6.509, 7.203, & 7.302.  *See Nasr v. Stegall,* 978 F. Supp. 714, 717 (E.D. Mich. 1997).

Petitioner has failed to exhaust his state court remedies and still has an available state court remedy through which to do so.  Although a district court has the discretion to stay a mixed habeas petition containing both exhausted and unexhausted claims to allow the petitioner to present his unexhausted claims to the state court in the first instance, *Rhines v. Weber,* 125 S. Ct 1528 (2005), there are no exceptional or unusual circumstances present which would justify holding the instant petition for writ of habeas corpus in abeyance, rather than dismissing it without prejudice.  In this case, the Michigan Supreme Court denied Petitioner's application for leave to appeal on October 26, 2010.  However, the one year statute of limitations under 28 U.S.C. § 2244(d)(1) did not begin to run on that day.  Where a state prisoner has sought direct review of his conviction in the state's highest court but does not file a petition for certiorari with the U.S. Supreme Court, the one year limitation period for seeking habeas review under 28 U.S.C. § 2244(d)(1) begins to run not on the date that the state court entered judgment against the prisoner, but on the date that the 90 day time period for seeking certiorari with the U.S. Supreme Court expired.  *Bronaugh v. Ohio*, 235 F. 3d 280, 283 (6th Cir. 2000).  Because Petitioner did not seek a writ of certiorari with the U.S. Supreme Court,

4

Petitioner's judgment became final, for the purpose of commencing the running of the one year limitations period, on January 24, 2011. *See Grayson v. Grayson*, 185 F. Supp. 2d 747, 750 (E.D. Mich. 2002).

Petitioner filed the instant petition with the court on March 24, 2011, after only two months had elapsed on the one year statute of limitations.[1] The court is dismissing the petition without delay so that Petitioner can return to the state courts to properly exhaust his second claim. The one year statute of limitations on habeas petitions is tolled during the pendency of any state post-conviction motion filed by petitioner. 28 U.S.C. § 2244(d)(2) Because Petitioner has most of his year remaining under the limitations period and the unexpired portion of that period would be tolled during the pendency of Petitioner's state post-conviction proceedings, Petitioner will not be prejudiced by dismissal without prejudice. Thus, a stay of the proceedings is not necessary or appropriate to preserve the federal forum for Petitioner's claims. *See Schroeder,* 156 F. Supp. 2d at 845-46.

### III. A CERTIFICATE OF APPEALABILITY

A petitioner must receive a certificate of appealability in order to appeal the denial of a habeas petition for relief from either a state or federal conviction.[2] 28 U.S.C. §§ 2253(c)(1)(A), (B). A court may issue a certificate of appealability "only if the

---

[1] Under the prison mailbox rule, the court will assume that Petitioner actually filed his habeas petition on March 24, 2011, the date that it was signed and dated. *See Neal v. Bock*, 137 F. Supp. 2d 879, 882, n.1 (E.D. Mich. 2001).

[2] Rule 11 of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254, provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a), 28 U.S.C. foll. § 2254.

5

applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a federal district court rejects a habeas claim on the merits, the substantial showing threshold is met if the petitioner demonstrates that reasonable jurists would find the district court's assessment of the constitutional claim debatable or wrong. *See Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000). "A petitioner satisfies this standard by demonstrating that . . . jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). In applying this standard, a district court may not conduct a full merits review, but must limit its examination to a threshold inquiry into the underlying merit of the petitioner's claims. *Id.* at 336-37. The court concludes that jurists of reason would not find the court's assessment of the constitutional claims debatable or wrong. The court thus declines to issue Petitioner a certificate of appealability.

## IV. CONCLUSION

IT IS ORDERED that Petitioner Allan Jahn's "Petition for Writ of Habeas Corpus" [Dkt. # 1] is WITHOUT PREJUDICE.

IT IS FURTHER ORDERED that the court DECLINES TO ISSUE a certificate of appealability.

                                                 s/Robert H. Cleland  
                                                ROBERT H. CLELAND  
                                                UNITED STATES DISTRICT JUDGE

Dated: April 20, 2011

I hereby certify that a copy of the foregoing document was mailed to Petitioner Allan Jahn, #669428, Parnall Correctional Facility, 1780 E. Parnall, Jackson, MI 49201, on this date, April 20, 2011.

                                         s/Lisa Wagner
                                         Case Manager and Deputy Clerk
                                         (313) 234-5522

S:\Cleland\JUDGE'S DESK\C1 ORDERS\11-11421.JAHN.2254.Exhaustion.db.wpd

S:\Cleland\JUDGE'S DESK\C1 ORDERS\11-11421.JAHN.2254.Exhaustion.db.wpd